UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Francis Hempston McFadden,**<br><br>Plaintiff,<br><br>v.<br><br>**U.S. Parole Commission** *et al.***,**<br><br>Defendants. | Civil Action No.  08-1328 (JDB) |

**MEMORANDUM OPINION**

In this action brought *pro se* under 42 U.S.C. § 1983, plaintiff, a District of Columbia prisoner incarcerated at a Bureau of Prisons' ("BOP") facility in Winton, North Carolina, challenges his sentence calculation.  He seeks to "correct and change" his mandatory release date from August 12, 2012 to October 20, 2008.  Complaint at 4.  The named defendants, United States Parole Commission and BOP Operations Manager A. Faller, move to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim upon which relief may be granted.  Because defendants rightly contend that plaintiff's remedy lies exclusively in a writ of *habeas corpus* issued against his immediate custodian, the Court will grant defendants' Rule 12(b)(6) motion to dismiss.[1]

When, as here, a prisoner is seeking "a determination that he is entitled to immediate release or a speedier release from imprisonment, his sole federal remedy is a writ of *habeas*

---

[1]  Although defendants have invoked Rule 12(b)(1), they have not articulated a basis for dismissing the case for lack of subject matter jurisdiction.

*corpus*." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); accord *Razzoli v. Fed'l Bureau of Prisons*, 230 F.3d 371, 373 (D.C. Cir. 2000); *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 809 (D.C. Cir. 1988) (en banc). Because the proper respondent in *habeas corpus* cases is the petitioner's warden or immediate custodian, *Rumsfeld v. Padilla,* 124 S.Ct. 2711 (2004); *Blair-Bey v. Quick*, 151 F.3d 1036, 1039 (D.C. Cir. 1998) (citing *Chatman-Bey,* 864 F.2d at 810), the complaint against the named defendants here necessarily fails. Accordingly, the Court grants defendants' Rule 12(b)(6) motion to dismiss. A separate Order accompanies this Memorandum Opinion.

                                                                                           /s/
                                                               JOHN D. BATES
                                                   United States District Judge

December 18, 2008